JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE RUIZ TRUST, TERESA RUIZ AS TRUSTEE,<br><br>　　　　Plaintiffs,<br><br>　vs.<br><br>LEOPOLDO CARRASCO, et al.,<br><br>　　　　Defendants. | Case No. SA CV 16-00178-DOC (KESx)<br><br>ORDER REMANDING CASE TO STATE COURT |

　　　The Court *sua sponte* REMANDS this action to the California Superior Court for the County of Orange for lack of subject matter jurisdiction, as set forth below.

　　　On February 3, 2016, Irma Carrasco (hereinafter referred to as "Defendant"), having been sued in an unlawful detainer action in California state court, lodged a Notice of Removal of that action in this Court ("Notice") and also presented an application to proceed *in forma pauperis*. (Dkt. Nos. 1, 4.) In the Notice, Defendant contends that she is entitled to remove the case as a result of various violations by Plaintiff under the Fair Debt Collections Practices Act. (Dkt. 1 at 2.[1]) However, the underlying Complaint is an unlawful detainer action and the claim listed above is not

---

[1] All citations to the Notice are to the CM/ECF pagination.

contained anywhere in the Complaint. (Id. at 8-11.)

"The right of removal is entirely a creature of statute and 'a suit commenced in a state court must remain there until cause is shown for its transfer under some act of Congress.'" Syngenta Crop Protection, Inc. v. Henson, 537 U.S. 28, 32 (2002) (quoting Great Northern R. Co. v. Alexander, 246 U.S. 276, 280 (1918)). Where Congress has acted to create a right of removal, those statutes are strictly construed against removal jurisdiction. Id.; Nevada v. Bank of America Corp., 672 F.3d 661, 667 (9th Cir. 2012); Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

Unless otherwise expressly provided by Congress, a defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a); Dennis v. Hart, 724 F.3d 1249, 1252 (9th Cir. 2013). The removing defendant bears the burden of establishing federal jurisdiction. AbregoAbrego v. Dow Chemical Co., 443 F.3d 676, 682 (9th Cir. 2006); Gaus, 980 F.2d at 566-67. "Under the plain terms of § 1441(a), in order properly to remove [an] action pursuant to that provision, [the removing defendant] must demonstrate that original subject-matter jurisdiction lies in the federal courts." Syngenta Crop Protection, 537 U.S. at 33. Failure to do so requires that the case be remanded, as "[s]ubject matter jurisdiction may not be waived, and . . . the district court must remand if it lacks jurisdiction." Kelton Arms Condo. Owners Ass'n v. Homestead Ins. Co., 346 F.3d 1190, 1192 (9th Cir. 2003). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). It is "elementary that the subject matter jurisdiction of the district court is not a waivable matter and may be raised at anytime by one of the parties, by motion or in the responsive pleadings, or sua sponte by the trial or reviewing court." Emrich v. Touche Ross & Co., 846 F.2d 1190, 1194 n.2 (9th Cir. 1988).

### A. Federal Question Jurisdiction

The underlying action is an unlawful detainer proceeding, arising under and

governed by the laws of the State of California. (Dkt. No. 1 at 8-11.) The state-court Complaint does not include any claim "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Federal defenses or federal counterclaims do not provide a basis to remove an action which does not otherwise establish federal jurisdiction. "[T]he existence of federal jurisdiction depends solely on the plaintiff's claims for relief and not on anticipated defenses to those claims." ARCO Envtl. Remediation, L.L.C. v. Dept. of Health and Envtl. Quality, 213 F.3d 1108, 1113 (9th Cir. 2000). An "affirmative defense based on federal law" does not "render[] an action brought in state court removable." Berg v. Leason, 32 F.3d 422, 426 (9th Cir. 1994). A "case may not be removed to federal court on the basis of a federal defense . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case." Franchise Tax Bd. v. Construction Laborers Vacation Trust, 463 U.S. 1, 14 (1983). There is no basis for federal question jurisdiction.

### B. Diversity Jurisdiction

There is also no basis for diversity jurisdiction. While Defendant alleges that there is diversity of citizenship, the amount in controversy does not exceed $75,000. 28 U.S.C. § 1332(a); Abrego Abrego, 443 F.3d at 683. The amount in controversy is normally determined from the face of the pleadings. St. Paul Mercury Indemnity Co., v. Red Cab Co., 303 U.S. 283, 289 (1938). It is apparent from the state-court records that the underlying unlawful detainer action is a limited civil action that does not exceed $10,000. (Dkt. No.1 at 8.)

### C. Conclusion

This Court does not have subject matter jurisdiction over this case. IT IS

//
//
//
//

THEREFORE ORDERED that this matter be REMANDED to the Superior Court of the State of California for the County of Orange.

DATED: February 5, 2016

*David O. Carter*

DAVID O. CARTER
UNITED STATES DISTRICT JUDGE